# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| H.C. BROWN, JR., #578263 | ) | |
| | ) | |
| v. | ) | NO. 3:22-cv-00754 |
| | ) | |
| STATE OF TENNESSEE *et al.* | ) | |

**TO:** Honorable Waverly D. Crenshaw, Jr., Chief United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered May 15, 2023 (Docket Entry Nos. 4 and 5), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the undersigned respectfully recommends that this action be dismissed without prejudice.

H.C. Brown, Jr. (Plaintiff) is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. He filed this *pro se* lawsuit on September 26, 2022, seeking relief under 42 U.S.C. § 1983 against various defendants based on alleged wrongdoings at the RMSI. *See* Complaint (Docket Entry No. 1).

Upon initial review, the Court found that Plaintiff stated arguable claims for relief against one RMSI correctional officer and two RMSI nurses based upon alleged violations of Plaintiff's Eighth Amendment rights. *See* Order at 2. All other claims and defendants were dismissed. *Id*. In its initial review Order, the Court directed Plaintiff to complete service packets for the three defendants and return the completed service packets to the Clerk's Office within 30 days of entry

of the Order so that process could issue to the defendants. *Id*. at 3. Plaintiff was specifically warned by the Court that his failure to timely return completed service packets could lead to the dismissal of his case. *Id*.

To date, Plaintiff has not returned completed service packets or responded in any manner to the Court's directive. Rule 4(m) of the Federal Rules of Civil Procedure requires that defendants be served with process within 90 days of the date the action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Plaintiff has not returned completed service packets as directed by the Court and has not taken the necessary steps to have the defendants served with process within the time period set out in Rule 4(m), this action must be dismissed.

## RECOMMENDATION[1]

For the reasons set out above, it is respectfully RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause for why the action should not be dismissed under Rule 4(m).

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

3